**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000298
31-MAY-2017
09:56 AM**

NO. CAAP-16-0000298

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaiintiff-Appellee, v.
IAN J. DEMING, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(CASE NO. 1DTA-15-03980)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Ian J. Deming (Deming) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on March 3, 2016[1] and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on March 23, 2016 in the District Court of the First Circuit, Kāne'ohe Division (District Court).[2]

Deming was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016).

On appeal, Deming contends the District Court erred by (1) failing to conduct an adequate Tachibana colloquy by omitting an advisement about his right to testify, therefore, he did not knowingly waive his right to testify and (2) admitting the arresting officer's opinion that he failed field sobriety tests because there was insufficient foundation for its admission.

---

[1]     The Honorable Randal I. Shintani presided.

[2]     The Honorable Linda K. Luke presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Deming's points of error as follows:

(1) Deming contends that the District Court failed to conduct an adequate pre-trial "Tachibana" colloquy by failing to state that he had "a right to testify" and that if he did not testify by the end of trial the court would briefly question him again to ensure that the decision not to testify was his own decision, and by failing to conduct an adequate ultimate Tachibana colloquy by failing to state that he had "a right to testify."

Deming claims that his pre-trial Tachibana colloquy was inadequate for failure to warn him that he would again be questioned prior to the end of trial to ensure that it was his decision not to testify. Such as advisement is required by State v. Lewis, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000). However, a waiver of the right to testify will be deemed valid unless the defendant can prove otherwise by a preponderance of the evidence. Tachibana v. State, 79 Hawai'i 226, 237, 900 P.2d 1293, 1304 (1995) (citing State v. Ibuos, 75 Haw. 118, 121, 857 P.2d 576, 578 (1993). The District Court did question Deming again prior to the end of trial to ensure that it was his decision not to testify. Deming points to nothing else, except as noted above, to support his claim that he did not validly waive his right to testify. Deming has not proven by a preponderance of the evidence that his waiver of the right to testify was not knowingly made.

The District Court's pre-trial and ultimate Tachibana colloquy was not deficient for failing to state the words "right to testify." In the advisement prior to the State's first witness, the District Court stated that Deming will eventually make a decision whether to testify or not, it was his right to remain silent, and that if he testified he would be subject to cross-examination and his testimony would be considered in determining the outcome of the case. During the colloquy prior to Deming's decision not to testify, the District Court reminded

Deming of the pre-trial advisement and stated "that decision, whether to testify or not, is your decision to be made." The District Court again stated the consequences of Deming's decision to testify or not testify. The District Court is not required to use the specific words "right to testify." The advisement given to Deming adequately apprised him of his right to testify or not testify.

(2) Deming contends that the District Court improperly considered Officer Brent Sylvester's (Officer Sylvester) testimony that he "failed" the field sobriety tests after it had precluded such testimony during trial. The District Court sustained Deming's objections to Officer Sylvester's testimony that Deming failed the walk-and-turn test and the one-leg stand test. However, Officer Sylvester testified without objection that based on Deming's performance on the walk-and-turn test that Deming was impaired, Deming did not complete the walk-and-turn and one-leg stand test correctly, and that Deming was impaired and could not operate a vehicle safely. Deming also failed to object to Officer Sylvester's testimony regarding clues on the walk-and-turn and one-leg stand test, how many clues there were for each test, how many clues constituted a failure of each test, and how many clues he observed when Deming performed the tests.

In finding Deming guilty, the District Court noted that with respect to the walk-and-turn test "Officer Sylvester expressed the opinion that either he failed or he was impaired," and "Officer Sylvester was of the opinion, based on his training and experience, that Mr. Deming either failed or was impaired," based on Deming's performance on the one-leg stand test. Based upon the context of the District Court's statements, it appears that the District Court was summarizing Officer Sylvester's testimony when it referred to Officer Sylvester's testimony regarding failed field sobriety tests. The District Court properly stated that in Officer Sylvester's opinion Deming was impaired based on his performance on the walk-and-turn and one-leg stand tests. In a bench trial, it is presumed that the trial court will disregard inadmissible evidence. State v. Vliet, 91 Hawai'i 288, 298, 983 P.2d 189, 199 (1999).

3

Aside from Officer Sylvester's excluded opinions, there was sufficient evidence to convict Deming of OVUII. While Deming was operating his vehicle, Officer Sylvester observed Deming crossing a solid white line then swerving back into his lane and slamming on his brakes without any apparent reason. Officer Sylvester noticed a strong odor of an alcoholic beverage from Deming's breath and that Deming had glassy, watery, and bloodshot eyes and slurred speech. Officer Colson Friel also testified that he could smell the strong odor of alcohol from Deming as Deming spoke and blew into the screening device and Officer Friel also observed Deming's red, watery, and glassy eyes.

During Officer Sylvester's administration of the field sobriety tests, Deming lost his balance in the starting position on the walk-and-turn test. Deming also stopped for 5 seconds after making the turn, which was not part of the instructions, then stepped off the line, missed one heel-to-toe, and raised his arms. Deming swayed to the front, to the back, and from side to side during the entire one-leg stand test, hopped, and raised his arms during the test, all contrary to the instructions given to Deming. Thus, any error in mentioning Officer Sylvester's opinion that Deming failed the tests was harmless.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on March 3, 2016 and Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on March 23, 2016 in the District Court of the First Circuit, Kāne'ohe Division are affirmed.

DATED: Honolulu, Hawai'i, May 31, 2017.

On the briefs:

Marcus B. Sierra,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4